**Daniel L. AMBURN, Petitioner— Appellant,**

v.

**Cheryl PLILER, Warden; Joan Palmateer, Respondents— Appellees.**

No. 01–17440.

United States Court of Appeals, Ninth Circuit.

Submitted March 14, 2003.*

Decided April 29, 2003.

Before: NOONAN, TASHIMA, and WARDLAW, Circuit Judges.

MEMORANDUM **

Amburn, a state prisoner, appeals the denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. He contends that the district court erred in finding his speedy trial claim procedurally barred and in concluding that his ineffective assistance of counsel claim was without merit. We affirm.

**1. Procedural Bar**

Respondents (the State) concede that the district court erred in finding that Amburn's speedy trial claim was procedurally barred. Therefore, we proceed to the merits of Amburn's claim that the state trial court erred in rejecting his speedy trial claim.

**2. Speedy Trial**

Amburn was charged with robbery in Merced County, California, in November, 1996. The robbery was committed in September 1994. A motion to dismiss for violation of Amburn's speedy trial rights was denied and Amburn was thereafter convicted. He eventually filed a federal habeas petition. He contends that pre-indictment delay resulted in a violation of his due process rights. To prevail on such a claim, Amburn must show that he suffered actual, non-speculative prejudice and that the length of the delay, when balanced against the prosecution's reasons for the delay, "offends ... fundamental concep-

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tions of justice...." *United States v. Sherlock,* 962 F.2d 1349, 1353–54 (9th Cir. 1992) (internal quotation marks and citations omitted). Because nothing in the record suggests that Amburn suffered actual, non-speculative prejudice from the delay, the district court did not err in rejecting this claim.

### 3. Ineffective Assistance of Counsel

Amburn contends that his state appellate counsel was ineffective for failing to appeal the denial of his motion to dismiss for violation of his speedy trial rights. As we have held, however, Amburn's speedy trial claim fails for a lack of showing of actual prejudice. Therefore, his appellate counsel's failure to appeal the denial of that motion was neither unreasonable nor prejudicial. *See Strickland v. Washington,* 466 U.S. 668, 687–91, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (petitioner must show that his counsel's actions were objectively unreasonable); *id.* at 694 (petitioner must also show prejudice from counsel's unreasonable performance).

The judgment of the district court denying the petition for writ of habeas corpus is

**AFFIRMED.**